# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Erikon L.L.C.<br><br>    Plaintiff<br><br>    v.<br><br>West Development LLC<br>Caribbean Management Group, Inc.<br>Reynaldo Vincenty, Carmen Rosa<br>de Monrouzeau, David Wishinsky<br>ABC Insurance, Inc., John Doe<br><br>    Defendants | CIVIL NO.<br><br>TORTIOUS INTERFERENCE, CONTRACT IN PREJUDICE OF THIRD PARTY, NULLITY OF CONTRACT, DAMAGES<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

TO THE HONORABLE COURT:

**COMES NOW**, plaintiff Erikon, LLC, hereinafter "Erikon", through the undersigned attorneys, and very respectfully state and pray as follows:

**I. NATURE OF THE CASE**

1. This is an action for declaratory judgment, nullification of contract in prejudice of third party, tortious interference, unjust enrichment, fraudulent conveyance, breach of contract and damages under Puerto Rico law, the Puerto Rico Civil Code of 1930, Art. 11, Art. 570, Art. 684, Art. 1169 et seq., Art. 1218 et seq., Art. 1225 et seq., Art. 1243 et seq., Art. 1252 Art. 1802 et. seq., Art. 1041, et. seq.; the Puerto Rico Civil Code of 2020, Art. 54, Art. 270 et seq., Art. 263 et

seq., Art. 292 et seq., Art. 298 et seq., Art. 301 et seq., Art. 341 et seq., Art. 1535 et. seq., Art. 1526.

## II. JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 USC § 1332, inasmuch as there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy, exclusive of costs and interests, exceeds seventy-five thousand dollars ($75,000.00).

3. Venue is proper in this judicial district pursuant to 28 USC §1391(a) since the claims arose in this judicial district.

4. The Plaintiffs request a jury trial for all triable issues.

## III. THE PARTIES

5. Plaintiff ERIKON, LLC, is a limited liability company in good standing organized under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana.

6. Defendant WEST DEVELOPMENT, LLC, hereinafter referred to as "West Development", is a limited liability company organized under the laws of Puerto Rico. Its principal office is located in Rd. 107 Km. 2.2 Int. Sector Playuela, Bo. Borinquen, Aguadilla PR, 00605.

7. Defendant CARIBBEAN MANAGEMENT GROUP, INC., hereinafter referred to as "CMG", is a Puerto Rico corporation organized under the laws of Puerto Rico, with its principal place of business in Hatillo, Puerto Rico.

8. Defendant REINALDO VNCENTY, hereinafter referred to as "Vincenty" is of legal age, married, resident of Puerto Rico, president, secretary, treasurer and sole shareholder of CMG. Vincenty is also the authorized person and resident agent of West Development.

9. Defendant CARMEN ROSA DE MONROUZEAU, hereinafter referred to as "Rosa de Monrouzeau" is of legal age, married, resident of Puerto Rico, and authorized representative of West Development.

10. Defendant DAVID H. WISHINSKY KERR, hereinafter referred to as "Wishinsky", is of legal age, married and resident of the State of Florida.

11. Defendant ABC INSURANCE, INC., is an insurance company whose real name is unknown at this time, that had issued an insurance policy to respond for the risk detailed in this complaint.

12. Defendants JOHN DOE and JANE DOE, are natural persons, conjugal partnerships and/or legal entities, whose real names are unknown at this time, whom are liable to the plaintiff for as a result of the acts and/or omissions described in the complaint.

## IV. STATEMENT OF FACTS

13. Erikon, CMG, Vincenty and Wishinsky have been involved in litigation of several cases before this District including the consolidated litigation in the matter of *Caribbean Management Group, Inc. v. Erikon LLC, et al.*, Civil No. 07-1615 (JP), hereinafter *"Consolidated Case"*. This case was related to a *Sale of Real Property Agreement,* executed in April 2006. The sale involved the transmission of rights for the development of a project known as the Christopher Columbus Landing Project in the Municipality of Aguadilla, as well as approximately one hundred and thirty-one (131) "cuerdas" of real estate for the purchase price of $24,000,000.00. The parties to this agreement were Caribbean Seaside Heights Properties, Inc., represented by Wishinsky, Koeniger Development Corporation; Erikon, LLC, both represented by Erich Koeniger, and Caribbean Management Group, Inc., represented by Reinaldo Vincenty.

3

14. On December 30, 2006, the *Sale of Real Property Agreement* was modified by an *Amendment to Sale of Real Property Agreement*. This new contract reduced the purchase price to $23,000,000.00 from which $11,500,000.00 were to be paid to Erikon LLC and Koeniger Development, Inc. in the following manner:

> One Million Dollars ($1,000,000.00) upon the signing of this amendment; Three Million Dollars ($3,000,000,00) upon the furnishing of releases from Erikon, Koeniger, Jose Ferrari Perez; and the escrow amounts set forth hereinafter on behalf of Koeniger and Erikon in lieu of a release of Erikon and Koeniger by Architect Evelio Pina upon the terms hereinafter stated; and the release of Evelio Pina in favor of David Wishinsky Kerr and Caribbean Seaside. The balance of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) shall be made payable to Koeniger and Erikon in the form of a promissory note payable for that amount in installments of Four Million Dollars ($4,000,000.00) one hundred twenty (120) days from the date of the note and Three Million Five Hundred Thousand Dollars ($3,500,000,00) two hundred forty (240) days from the date of the promissory note. The payment to Koeniger and Erikon is for services rendered and any and all rights of any nature regarding their claims to Christopher Columbus Landing Project and any and all immovable property associated therewith. (See, Erikon's SUMF Exhibit 2 at pp. 1-2.)

15. CMG and Wishinsky issued the promissory note but never satisfied the payments described therein, forcing Erikon to seek judicial assistance to enforce its compliance with the payment of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) in the <u>Caribbean Management Group, Inc. v. Erikon LLC, et al.</u>, Civil No. 07-1615 (JP) consolidated case. In order to resolve all claims set forth in the case, Erikon, CMG and Wishinsky entered into a settlement agreement and requested the Court to issue a consent judgment in favor of Erikon and Koeniger Development, Inc.[1] Accordingly, on March 24, 2008 the Court entered a final consent judgment, hereinafter *"Consent Judgment"*, which on its relevant part reads:

> Pursuant thereto, the Court ENTERS JUDGMENT FOR DEFENDANTS Erikon, L.L.C., and Koeniger Development, Inc., to have and recover from Plaintiffs

---

[1] Koeniger Development, Inc., was a Louisiana based corporation authorized to do business in Puerto Rico. The same ceased to exist in January 2018 pursuant to the laws and regulations of the State of Louisiana.

4

Caribbean Management Group, Inc., and David Wishinsky, jointly and severally, the sum of $7,500,000.00, together with interest at the rate of 5% per annum as of April 27, 2007, until full payment of principal, plus attorneys' fees in the amount of $50,000.00. This Judgment is to be paid within forty-five days hereof. If said Judgment is not paid within forty-five days hereof, Defendants may proceed to execute the same.

16. Multiple efforts were made by Erikon to secure compliance with the *Consent Judgment* by means of the applicable execution of judgment procedures including the request of writs of attachment and post judgment discovery. Nonetheless, neither CMG nor Wishinsky complied with Consent Judgment.

17. As part of the execution of judgment efforts, Erikon LLC, CMG and Wishinsky entered into an out of court *Agreement for Payment of Judgment* effective March 2, 2009, hereinafter the *"Agreement"*. In this *Agreement*, Erikon granted a payment plan to both CMG and Wishinsky until full payment of *Consent Judgment* pursuant to the same terms and conditions of the original *Consent Judgment*.

18. CMG made several payments to Erikon without adherence to the schedule and amounts agreed upon in the *Agreement*. No payments were received from Wishinsky. This entailed the negotiation and final execution of an *Amended Agreement* on payment of the monetary obligations.

19. Notwithstanding the modifications made in the *Amended Agreement*, as with previous occasions, CMG and Wishinsky failed to comply with the agreed upon payment schedule, making only three (3) partial payments for amounts not previously agreed upon.

20. Since the issuance of the Consent Judgment until April 2011, CMG made payments totaling the amount of *three million one hundred and fifty thousand dollars ($3,150,000.00)* to partially satisfy their consented obligations. From that moment in time CMG, through his

5

president and sole shareholder Vincenty, and Wishinsky have consistently avoided compliance with the *Agreement* and/or the *Amended Agreement*.

21. By the same token, Wishinsky, by means of his solely held corporation Caribbean Seaside Heights Properties, hereinafter "CSH", made efforts to avoid compliance with the *Agreement for Payment of Judgment*, including filing a frivolous complaint against Erikon for alleged breach of a contract executed in 1998 in the matter of <u>Caribbean Seaside Heights Properties v. Erikon LLC, et al.</u>, *Civil No. 13-1393 (SEC)*, hereinafter the *"Seaside Case"*. The aforementioned case was dismissed with prejudice by the District Court and the judgment was ratified by the Court of Appeals for the First Circuit in <u>Caribbean Seaside Heights Properties v. Erikon LLC, et al.,</u> 867 F.3d 42 (1st Cir. 2017).

22. While actively litigating the *Seaside Case*, Erikon engaged in settlement conversations with CMG, Vincenty and Wishinsky both in connection to said case, as well as in the *Consolidated Case* to no avail. In the *Consolidated Case,* the Court issued an Order dated March 12, 2018, denying Erikon's request to appoint a special master to continue with execution of judgment efforts. A request to set aside the order was timely filed by Erikon on April 9, 2018. On March 12, 2019, the Court denied the request for reconsideration. On April 10, 2019, Erikon filed a notice of appeal before the Court of Appeals for the First Circuit to seek review of the determination of the District Court denying the appointment of a special master to continue the execution of judgment efforts.

23. On July 24, 2018, while the District Court was entertaining the motion for reconsideration of the order denying the appointment of a special master in the *Consolidated Case*, Erikon filed a new complaint against CMG, Vincenty, Wishinsky, among other parties, in the matter of <u>Erikon, LLC v. Caribbean Management Group, et al.,</u> *Civil No. 18-1519 (WGY)*,

6

hereinafter *"Breach of Contract Case"*, for the breach of the obligations of the *Agreement* and the *Amended Agreement* on payment of the *Consent Judgment*.

24. On January 15, 2020, Reinaldo Vincenty formed and registered West Development LLC as a Puerto Rico for profit limited liability company, register number 439228. West Development's principal office is located in Rd. 107 Km. 2.2 Int. Sector Playuela, Bo. Borinquen, Aguadilla PR, 00605.

25. On July 17, 2020, the Court of Appeals issued a judgment upholding the District Court's order denying the request to appoint a special master to continue with the execution effort in the *Consolidated Case*. Erikon timely filed a petition for rehearing which was ultimately denied on October 23, 2020. The Court of Appeals' judgment was limited to the denial of the request of appointment of a special master in the *Consolidated Case* and <u>did not</u> address nor rule upon the claims set forth in the *Breach of Contract Case*.

26. On July 21, 2020, CMG and West Development entered into a sale of real property agreement of the properties in Aguadilla previously acquired by CMG through the *Sale of Real Property Agreement* and the *Amendment to Sale of Real Property Agreement* the executed in 2006. Vincenty and Rosa de Monrouzeau appeared as representatives of CMG and West Development respectively.

27. As part of the transaction, CMG "sold" to West Development the approximately one hundred and twenty-seven (127) "cuerdas" beach front real estate property in Aguadilla, described on the *Sale of Real Property Agreement* and the *Amendment to Sale of Real Property Agreement* of 2006, for the amount *nominal amount* of **three million five hundred and fifty thousand dollars ($3,550,000.00)**.

28. On April 2014, Erikon ordered the appraisal of the real estate property object of the CMG and West Development purchase and sale agreement. ***The appraisal value of the real estate property at that point in time was in excess of eighteen million dollars ($18,000,000.00).*** The disparity between the appraisal value and the sale price of the real estate property is not consistent with current market values and demonstrates defendants concerted acts directed to erode CMG's assets and impede Erikon's efforts to secure compliance with the monetary debt in its favor.

29. Defendants devised, orchestrated, engaged and entered into the transaction described in paragraph twenty-six (26) above with the intent of fraudulently transfer CMG's assets in a continued effort to avoid compliance with the monetary debt arising from the *Agreement* and the *Amended Agreement* mentioned in paragraphs eighteen (18) and nineteen (19) above.

30. Regarding the *Breach of Contract Case*, on June 14, 2021, the District Court determined that CMG breached its contractual obligations arising from the *Agreement on Payment of Judgment* and entered summary judgment in favor of Erikon.

## VI. STATEMENT OF CLAIMS

### A. All Defendants

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. The acts and or omissions incurred by defendants constitute fraudulent concealment of assets, fraudulent transfer of assets, the execution of a contract without proper consideration in prejudice of non-contracting party Erikon, tortious interference with the *Agreement on Payment of Judgment* and the *Amendment to Agreement on Payment of Judgment* insofar as they acted in concert and fully aware of the agreements with Erikon and they negligently, intentionally and with grievous disdain interfered with the performance of their agreements. The negligent, concerted, malicious, fraudulent and cognizant intervention by defendants constitute tortious acts, unjust

enrichment, for which they are jointly and severally liable to Erikon for the damages suffered as a result of such acts. The damages suffered and which plaintiff currently suffers as a result of the abovementioned acts are valued in no less than *ten million dollars ($10,000,000.00)*.

**B. Defendant David Wishinsky**

33. Paragraphs 1 through 30 are incorporated herein by reference.

34. Defendant Wishinsky's intentional and negligent non-compliance of the *Agreement* constitutes a material breach of its terms and conditions. By not satisfying full payment of the agreed upon amount of *seven million five hundred and fifty thousand dollars ($7,550,000.00)* as established by the Consent Judgment and incorporated upon the *Agreement,* Wishinsky materially breached his obligations.

35. According to the terms and conditions of the *Agreement,* to this date defendant Wishinsky jointly and severally owes Erikon an amount of not less than *ten million dollars ($10,000,000.00)* plus the corresponding legal interest pursuant to the laws of the Commonwealth of Puerto Rico.

36. As a direct and proximate result of Wishinsky's material breach, Erikon suffered damages in the form of reasonable expenses in securing Wishinsky's performance of the contract, return on investments, loss of profits, loss of financial stability, and costs which are estimated at an amount not less than *two million dollars ($2,000,000.00.)*

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff Erikon respectfully requests that this Honorable Court, enter declaratory judgment declaring the nullity of the purchase and sale agreement executed between CMG and West Development. Erikon further requests judgment against defendants for the

aforementioned sums, plus prejudgment and post judgment interest, costs of suit, attorneys fees and all other relief the court deems proper and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21th day of July 2021.

### NOTICE OF ELECTRONIC FILING

**WE HEREBY CERTIFY**: That on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

> GARCÍA, APONTE & QUIÑONES
> 954 Ponce de León Avenue
> Miramar Plaza, Suite 702
> San Juan, Puerto Rico 00908
> TEL. 787-300-2811
> FAX. 787-300-2814
>
>
> S/ IVAN APONTE-GONZÁLEZ
> _____
> IVAN APONTE-GONZALEZ
> USDC-PR NO. 216803
> ia@gaqlaw.com
>
>
> S/ HÉCTOR J. QUIÑONES INSERNI
> _____
> HÉCTOR J. QUIÑONES INSERNI
> USDC-PR NO. 222614
> hq@gaqlaw.com